UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:18-CR-5-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **PROTECTIVE ORDER** |
| ) | |
| JOSEPH RUSSELL GRAFF, ) | |
| ) | |
| Defendant. ) | |

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, and adequately protect information entitled to be kept confidential, it is, pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d), and with the agreement of the parties, ORDERED:

1. Counsel for the defendant ("counsel"), and anyone else directly or indirectly receiving discovery from the Government, shall not copy, disclose, or otherwise make available any documents in this case or information from those documents to any person who is not: (a) an attorney or staff member of counsel's office who is then working on this case; (b) a person otherwise employed or contracted by counsel's office to work on this case; or (c) the defendant. Counsel shall not provide any of the above-listed individuals the discovery in this case without their agreement to the terms of this order, as described below. Nothing in this paragraph is intended to limit counsel's ability to disclose discovery materials or information to the Court.

2. Counsel may disclose and discuss discovery material provided by the United States with a person being interviewed or contacted by counsel as a potential witness in this case, but shall not provide copies of discovery material to anyone not authorized in Paragraph 1 above.

3. Counsel shall not provide the defendant with any copies of discovery in this case that contain confidential personal identity information (i.e., bank account numbers and personal identification information such as DOB, SSN home address, and taxpayer-identification numbers)

of any person other than the defendant without redaction of the personal identity information, consent of an attorney for the Government who is working on this case, or further order of this Court.

4. Discovery material provided by the United States may be utilized by counsel for the defendant solely in connection with the preparation, trial, sentencing, direct appeal, and collateral attack of this case, and for no other purpose and in connection with no other proceeding. No additional copies of the discovery material shall be made except as necessary for those purposes. Any copies shall be treated in the same manner as the original material.

5. The parties shall comply with all statutes, regulations, and rules pertaining to the disclosure of personal identity information, including Federal Rule of Criminal Procedure 49.1 and the Privacy Act of 1974, 5 U.S.C. § 552a. The parties shall not file personal identity information with, or submit such information to, the Court or reproduce such information's contents in any court filing unless the filing is placed under seal, with the Court's consent, or otherwise complies with Federal Rule of Criminal Procedure 49.1.

6. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED, this 17th day of April 2018.

James E. Gates
United States Magistrate Judge